United States District Court
Southern District of Texas
**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ARENA IP, LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-00428 |
| § | |
| NEW ENGLAND PATRIOTS, LLC, § | |
| § | |
| Defendant. § | |

## ORDER

Defendant New England Patriots, LLC ("Patriots") have filed a motion to dismiss the patent infringement claims brought against them by Plaintiff Arena IP, LLC ("Arena"). According to Arena's First Amended Complaint, the Patriots have allegedly infringed on the patent in suit—U.S. Patent No. 8,320,820 ("the '820 patent")—by deploying "a matrix of communications nodes throughout Gillette Stadium (a sports and entertainment venue) to provide communications capacity for and data network access by hand[-]held wireless devices being used by spectators located throughout the venue." Dkt. 19 at 8. The Patriots have moved to dismiss pursuant to 35 U.S.C. § 101, and the two-step test set forth in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), arguing that the '820 patent's claims are directed to an abstract idea, and that the challenged claims lack any inventive concept that would make them patentable.

Before turning to the merits of this dispute though, I note that venue in patent infringement actions is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, the Patriots reside in Foxborough, Massachusetts, which is where their principal place of business and Gillette Stadium—the Patriots' home stadium and the site of the allegedly infringing acts—are located. *See Sperry Prods. v. Ass'n of Am. R.R.s*,

132 F.2d 408, 412 (2d Cir. 1942) (holding that, under § 1440(b), an unincorporated association's residence is either its "principal place of business, or [] any of the regular and established places of its business where it may have infringed").[1] The only basis for venue in the Southern District of Texas appears to be an undated and unverified LinkedIn profile for Alex Brooks ("Brooks"), a Southwest Area Scout for the Patriots. *See* Dkt. 19-6 at 2. Arena does not allege that Brooks installed the allegedly infringing nodes in Gillette Stadium or that he has any connection at all to the allegedly infringing behavior at issue here.[2]

That said, the Patriots have waived any challenge based on a defect in venue by failing to raise the issue in their motion to dismiss. *See Mantissa Corp. v. Ondot Sys., Inc.*, 267 F. Supp. 3d 918, 921 (S.D. Tex. 2017) (holding that defendant waived a challenge based on a defect in venue pursuant to § 1400(b) when it filed a motion to dismiss without raising the venue issue). But even when venue is proper, "a district court may transfer any civil action to any other district or division where it might have been brought" if it is "in the interest of justice." 28 U.S.C. § 1404(a). I "cannot help but note that it appears that the case should be transferred to the [District of Massachusetts], which would clearly have a much greater interest in a case that is all about [the New England Patriots and Gillette Stadium], . . . and [Arena]'s allegations of nefariousness in connection with the same." *Metrom Rail, LLC v. Siemens Mobility, Inc.*, No. 22-49, 2023 WL 2598775, at *3 n.4 (D. Del. Mar. 22, 2023).

---

[1] Arena alleges that the Patriots are "a corporation organized and existing under the laws of the State of [Delaware]," Dkt. 19 at 1, despite acknowledging that the Patriots are a limited liability corporation. "[A]n LLC is not a corporation. . . . After all, the fact that an LLC *isn't* a corporation is the whole point of an LLC." *Calchi v. TopCo Assocs., LLC*, No. 22-cv-747, 2023 WL 3863355, at *4 (N.D. Ill. June 7, 2023). Thus, where the Patriots, a limited liability company, are organized is irrelevant for residency and venue purposes.

[2] The Patriots' only real connection to Houston, Texas is the fact that they won Super Bowls XXXVIII and LI at NRG Stadium (previously known as Reliant Stadium) in 2004 and 2017, respectively.

Thus, any party opposed to a transfer to the District of Massachusetts should file a brief by Wednesday, November 15, 2023, explaining why such transfer is either impermissible or ill-advised despite being permissible.

SIGNED this 2nd day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE