United States District Court
Southern District of Texas
**ENTERED**
November 20, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ARENA IP, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-00428 |
| | § | |
| NEW ENGLAND PATRIOTS, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER TRANSFERRING CASE

On November 2, 2023, Judge George C. Hanks, Jr. referred all pretrial matters in this case to me pursuant to 28 U.S.C. § 636(b)(1). *See* Dkt. 28. That same day, I entered an Order noting that this case has no connection to the Southern District of Texas and every connection to the District of Massachusetts. *See* Dkt. 29. I ordered "any party opposed to a transfer to the District of Massachusetts [to] file a brief by Wednesday, November 15, 2023, explaining why such transfer is either impermissible or ill-advised despite being permissible." *Id.* at 3. No such briefing has been filed. Accordingly, for the reasons stated in my November 2, 2023 Order and pursuant to 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States District Court for the District of Massachusetts.[1]

---

[1] The Fifth Circuit has yet to opine on whether an order transferring venue pursuant to 28 U.S.C. § 1404(a) is a non-dispositive matter within a magistrate judge's authority. Many district courts across the country have held that a transfer of venue pursuant to 28 U.S.C. § 1404(a) is a non-dispositive matter within a magistrate judge's authority. *See, e.g.*, *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) ("Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)."); *Holmes v. TV-3, Inc.*, 141 F.R.D. 697, 697 (W.D. La. 1991) (observing that a motion to transfer venue "is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure").

Some courts, however, have held that an order transferring venue pursuant to 28 U.S.C. § 1404(a) is dispositive, reasoning that "the most accurate measure of whether an order

SIGNED and ENTERED this 20th day of November 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

on a motion is 'dispositive' is not whether the merits of the dispute are adjudicated, but whether activity in the case *in that forum* is terminated." *Payton v. Saginaw Cnty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010). This logic derives from the motion-to-remand context, in which every Circuit to have considered the issue has held that "[a]llowing magistrate judges to enter remand orders at a minimum approaches the constitutional line because a remand order is dispositive *insofar as proceedings in the federal court are concerned* and thus is the functional equivalent of an order of dismissal." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763–64 (5th Cir. 2016) (emphasis added) (quotation omitted). To hold otherwise, the thinking goes, would be problematic because "an Article III judge might never exercise *de novo* review of a case during its entire federal lifespan." *Id.* at 764. But such fear would be misplaced here.

The problem with analogizing venue transfer to remand is that remand concerns *forum*, and venue transfers do not. "Forum pertains to the jurisdiction, generally a nation or State, where suit may be brought, while venue concerns the geographic location *within the forum* where the case may be tried." *Sisk v. BWS Inspection Servs.*, PE:21-cv-00087, 2022 WL 3567349, at *5 (W.D. Tex. Aug. 16, 2022) (cleaned up) (emphasis added). Thus, remand "approaches the constitutional line" because it concerns a federal district court's subject matter jurisdiction, which "is at the core of the exercise of federal judicial power." *Davidson*, 819 F.3d at 764 (quotation omitted). But unlike challenges to a court's subject matter jurisdiction, "[v]enue relates [only] to the convenience of litigants," and challenges to venue are waivable. *Panhandle E. Pipe Line Co. v. Fed. Power Comm'n*, 324 U.S. 635, 639 (1945).

When a case is remanded to state court, the federal proceedings are concluded and the parties must resume their dispute under a different set of procedural rules. When a case changes venue—when it moves from one federal district court to another—the federal courts retain jurisdiction and proceedings in the federal court continue. The federal court case simply picks up where it left off, just with a different federal judge in a different federal district court. Accordingly, "*insofar as proceedings in the federal court are concerned*," everything stays the same. *Davidson*, 819 F.3d at 763–64 (emphasis added). For that reason, the better view is that "[a]n order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive." *Shenker v. Murasky*, No. 95 CV 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996).